United States District Court
Southern District of Texas
**ENTERED**
August 05, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| CITY OF LAREDO, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 5:21-CV-72 |
| | § | |
| THE UNITED STATES OF AMERICA, *et al*, | § § § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending is Plaintiff City of Laredo's Opposed Request for Emergency Hearing (Dkt. 9). Prior to granting Plaintiff's request, the Court determines that further clarification of Plaintiff's suit is necessary to ensure an efficient and correct resolution of this matter.

Federal courts are restricted to resolving "the legal rights of litigants in actual controversies." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013). Although Plaintiff lists a variety of statutes that confer subject matter jurisdiction to the Court or authorize injunctive relief, Plaintiff does not state or explain the actual legal basis for its claim, i.e., it does not state a cause of action. (*See* Dkt. 1 at 3.) Indeed, in arguing that it would likely succeed on the merits, Plaintiff's Complaint (Dkt. 1) begs the question: what is it likely to succeed on the merits of? The Complaint (Dkt. 1) does not claim a legal right based in the Constitution, statute, or the common law. While the Court could perhaps infer some claim from Plaintiff's scattershot invocation of various statutes, Plaintiff is not a *pro se* litigant whose pleadings are afforded "liberal construction." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Plaintiff is a represented municipal entity asking the Court for an injunction against the United States, its governmental agencies, and various high-level officials.

Accordingly, it is hereby ORDERED that Plaintiff City of Laredo file a clarification of the particular claim or claims it asserts against Defendants. *See Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1275 (11th Cir. 2006) ("We also remind district courts of their supervisory obligations to *sua sponte* order repleading pursuant to Federal Rule of Civil Procedure 12(e) when a shotgun complaint fails to link adequately a cause of action to its factual predicates."); *see also Momenian v. Davidson*, 878 F.3d 381, 391 (D.C. Cir. 2017) (noting that a district court can *sua sponte* order a plaintiff to submit a more definite statement where the allegations are "sufficiently unclear"). Plaintiff's clarification must be filed no later than **August 6, 2021 at 12:00PM**. Failure to do so will preclude the Court's consideration of the Opposed Request for Emergency Hearing (Dkt. 9). Further, if no clarification is filed, the briefing schedule set out in the Court's July 29, 2021 order (Dkt. 8) will remain in effect.

IT IS SO ORDERED.

SIGNED this 5th day of August, 2021.

_____
Diana Saldaña
United States District Judge